1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LODGED

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

DIRECT PRODUCE, INC., a corporation,

    Plaintiff,

v.

LOS ANGELES FRESH CUTS, INC. d/b/a L.A. FRESH CUT CORP, a California Corporation; GABRIEL MORA, an individual,

    Defendants.

Case No.: **CV10 3968 GAF (RZx)**

[PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION AND PRELIMINARY INJUNCTION

    Upon review of the Complaint of Plaintiff, DIRECT PRODUCE, INC. (hereinafter referred to as "DP" or "Plaintiff"), on file in the above-captioned action, and the declarations, exhibits and Memorandum of Points and Authorities in support of Plaintiff's Application for a Temporary Restraining Order and/or Preliminary Injunction submitted therewith, and it appearing to the satisfaction of the Court that this is a proper case for granting a Temporary Restraining Order and Order to Show Cause.

    IT IS HEREBY ORDERED that Defendants LOS ANGELES FRESH CUTS, INC. d/b/a L.A. FRESH CUT CORP, a California Corporation ("LAFCC"); and GABRIEL MORA, an individual ("GM") (collectively referred to as "Defendants")

1  appear in Courtroom 740 of the U.S. District Court for the Central District of California,
2  Los Angeles Division, ~~312 North Spring Street~~, 255 E. Temple Street, Los Angeles, CA 90012-470 on
3  ~~May~~ 6/7, 2010, at 9:30 .m., or as soon thereafter as the matter may be heard, then
4  and there to show cause, if any they have, why they, their agents, bankers, subsidiaries,
5  successors, assignees, principals, employees, attorneys, and representatives should not be
6  restrained and preliminarily enjoined during the pendency of this action, pursuant to Rule
7  65 of the Federal Rules of Civil Procedure, from engaging in, committing, or performing
8  directly and indirectly, any and all of the following acts:

9      A.    Removing, withdrawing, transferring, assigning or selling to any other
10 person or entity, the proceeds from the sales of any or all existing or future inventories of
11 food or other products derived from perishable (including frozen) agricultural
12 commodities, and/or receipts of payment for products sold prior to the date of this order
13 and/or otherwise disposing of assets, books or funds;

14     B.    Taking any other action whatsoever which causes, has the effect of causing,
15 or which otherwise dissipates Plaintiff's beneficiary interests in trust assets of the
16 Perishable Agricultural Commodities Act ("PACA") [7 U.S.C. §499e et seq.];

17     ~~C.    Taking any other action whatsoever which violates 7 U.S.C. §499c(e)(1)~~
18 ~~through (4), inclusive, and 7 U.S.C. §499b(4) [§2 of PACA].~~

19     IT IS FURTHER ORDERED that Defendants, their owners, officers, directors,
20 agents, subsidiaries, successors, assignees, principals, assignors, attorneys and persons
21 acting in concert with them, appear at the same time and place to show cause, if any they
22 have, why they should not be commanded by order of this Court and required to
23 distribute PACA trust assets in the amount of at least $74,117.43, the cumulative amount
24 of the PACA Trust principal owing to Plaintiff, including service charges in the amount
25 of $80.00 for two checks returned due to non-sufficient funds, plus finance charges
26 accrued through May 26, 2010, in the amount of $3,625.50, plus reasonable attorney's
27 fees in the amount of $2,743.50, plus filing fees of $350.00, making in all the sum of
28 $80,836.43 as of the date hereof.

2

1 | IT IS FURTHER ORDERED that pending the hearing and determination of the foregoing Order to Show Cause, Defendants, their agents, bankers, subsidiaries, successors, assignees, principals, attorneys, and persons acting in concert with them shall be and hereby are prevented from transferring, withdrawing or in any other manner removing Perishable Agricultural Commodities Act [7 U.S.C. §499e *et seq.*] trust assets, including funds on deposit in banking accounts held by or on behalf of Defendants, from Defendants' banking accounts, including but not limited to Defendants' accounts at Wells Fargo Bank and Manufacturers Bank and any other accounts subsequently discovered to be standing in any Defendants' names.

IT IS FURTHER ORDERED that pending the hearing and determination of the foregoing Order to Show Cause, and continuing thereafter, Defendants and their counsel, agents, or representatives, shall be preliminarily enjoined from engaging in, committing, or performing directly and indirectly, any and all of the following acts:

D. Removing, withdrawing, transferring, assigning or selling to any other person or entity, the proceeds from the sales of any or all existing or future inventories of food or other products derived from perishable agricultural commodities, and/or receipts of payment for products or crops sold prior to the date of this order and/or otherwise disposing of assets, books or funds;

E. Taking any other action whatsoever which causes, has the effect of causing, or which otherwise dissipates Plaintiff's beneficiary interests in the trust assets;

F. ~~Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1) through (4), inclusive, and 7 U.S.C. §499b(4) [§2 of Perishable Agricultural Commodities Act ("PACA")].~~

FURTHER ORDERED that in the event Defendants lack sufficient funds to promptly deposit the sums described above, Defendants shall be and hereby are required and ordered to:

G. Immediately account to the Court and Plaintiff for all assets of the PACA trust from commencement of Defendants' business through the date of this Order.

H.   Immediately assign Defendants' inventory of perishable agricultural commodities and produce related receivables to Plaintiff for sale and collection until Plaintiff is fully paid, and deposit and/or deliver complete accounts, records, and information of all of said receivables to Plaintiff's counsel without charge to the trust, and subject to Plaintiff's counsel making a weekly accounting for all receivables received or collected by Plaintiff's counsel in that regard. Plaintiff's counsel shall act as trustee in connection with its duties of collection of the accounts receivable and shall deposit any cash assets of the trust which are collected under this order in a trust account.

I.   Endorse any checks made, endorsed or paid, to Defendants which are trust assets and which are in their possession or obtainable by Defendants at the time of the entry of this Order, or which Defendants obtain or which become obtainable by Defendants after the entry of this Order, including but not limited to checks representing payment for sales of inventory, and shall deliver said assets within 48 hours of Defendants' receipt of them to Plaintiff's counsel as set forth above. Likewise, Defendants shall deliver any cash assets of the PACA trust which are in its possession or are obtainable by Defendants at the time of the entry of this order, or which Defendants obtain or which become obtainable by Defendants after entry of this Order, within 48 hours of Defendants' receipt of them to Plaintiff's counsel.

J.   File weekly with this Court satisfactory evidence of compliance with the terms of this Order.

IT IS FURTHER ORDERED that pending the hearing and determination of the foregoing Order to Show Cause, and continuing thereafter, Plaintiff and its counsel, agents, or representatives, shall have full and complete and continuing access to all of Defendants' books and records, which shall include but not necessarily be limited to, Defendants' accounts receivable and payable ledgers, invoices, ledgers, computer runs, bank statements and canceled checks, relating to Defendants' business and personal financial status from commencement of Defendants' business activities forward for the purpose of verifying Defendants' accountings required by this Order and for enforcement

1  of this Order. Defendants shall, upon 48 hours notice by Plaintiff's counsel, allow
2  inspection and copying of the books and records of said Defendants by Plaintiff or its
3  representatives at Defendants' place of business.
4      IT IS FURTHER ORDERED that pending the hearing and determination of the
5  foregoing Order to Show Cause, and continuing thereafter, Plaintiff shall be entitled to
6  depose, under oath, at reasonable times and places, upon at least 48 hours notice,
7  Defendants and/or Defendants' other principals, owners, directors, officers, shareholders,
8  employees, agents and accountants concerning any matter pertaining to any accounting
9  due pursuant to this Order, any books or records which Plaintiff are entitled to inspect
10 under this Order, the trust assets or any of Defendants' business assets, and/or
11 Defendants' business practices, procedures or operations from commencement of
12 Defendants' business activities.

13     IT IS FURTHER ORDERED that Plaintiff may immediately take whatever steps
14 are reasonably necessary to mitigate Plaintiff's damages by selling current inventory of
15 fresh herbs previously sold to Defendants but for which Defendants have not paid
16 Plaintiff, all such sales proceeds to be applied to Defendants' account.
17     IT IS FURTHER ORDERED that ~~no bond~~ Plaintiff shall be required to ~~be posted by~~ takes effect.
18 Plaintiff before the Temporary Restraining Order ~~is effective.~~

19     IT IS FURTHER ORDERED that Plaintiff shall serve Defendants with copies of
20 this Order and all pleadings and other papers in support of the Order on or before
21 5/28, 2010 by Federal Express with verification of receipt. Defendants shall file
22 an Opposition, if any, to the Order to Show Cause on or before 5:00 p.m. on
23 6/1, 2010, and shall personally serve Plaintiff's counsel with a copy of said
24 Opposition by said deadline. Plaintiff shall file and serve a Reply to Defendants'
25 Opposition, if any, on or before 5:00 p.m. on 6/3, 2010.
26
27 DATED: 5/27, 2010                    _____
28                                      U.S. DISTRICT COURT JUDGE

5